CAVAROC (EAMES v.). See Case No. 4.238.

CAVAZOS (BROWNSVILLE v.). See Case No. 2,043.

CAVE (UNITED STATES v.). See Case No. 14,760.

———

## Case No. 2,530.

### CAVENDER v. GROVE.

[4 Biss. 269.][1]

Circuit Court, D. Indiana. Oct., 1868.

JUDGMENT—HOW ASSIGNABLE — PAYMENT TO AS-SIGNEE—SATISFACTION — DEFENSE — BURDEN OF PROOF.

1. In Indiana, judgments are assignable by indorsement on the records of them, attested by the clerk.

2. Judgment may be assigned otherwise than of record. But in such case any payment or

———

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

satisfaction of the judgment made to the assignor before the defendant has notice of the assignment, is valid.

3. No agreement for the full satisfaction of a judgment, made in consideration of the payment of a less sum than the amount of the judgment, is a full satisfaction of it.

4. On a motion to enter satisfaction of a judgment, nothing can be heard in support of it which might have been set up as a defense to the action in which the judgment was rendered. But if such defense is omitted to be pleaded to the action, and if it might be the subject of a cross action against the party recovering the judgment, the matter of such defense may, by agreement of the parties, furnish sufficient consideration for a contract between them to satisfy the judgment.

5. When a judgment creditor executes a written acknowledgment of the satisfaction of his judgment, and this is duly shown in evidence on a motion for satisfaction to be entered, the burden of proving that such acknowledgment is void for want of consideration or otherwise devolves on the creditor; and if he fails to make such proof, satisfaction of the judgment will be entered.

Hanna & Knefler, for the motion.

Charles E. Marsh, contra.

McDONALD, District Judge. In a proceeding in admiralty in this court, on the 28th of February, 1868, Stephen Grove obtained a judgment by default against Anthony J. Cavender for four hundred and fifty-nine dollars and twenty-five cents. Execution has been issued upon this judgment, and levied on Cavender's property. Cavender now moves for an entry of satisfaction of this judgment.

Among other things, Cavender, in support of his motion, produced a paper signed by Grove, dated June 26, 1868, acknowledging full satisfaction of the judgment, and directing the marshal to return the execution. Cavender also showed in evidence the clerk's receipt in full for one hundred and thirty-eight dollars and fifty-seven cents, including all costs in the case, dated July 17, 1868.

There was evidence in support of said acknowledgment of satisfaction by Grove, to the effect that Cavender had complained, after the judgment was rendered, that it was given for a far larger sum than was due; that deductions by way of payment, or set-off, or counter-claim, should have been credited on the claim, and were not; and that in the making of the settlement, at the time when the acknowledgment of satisfaction was executed, these deductions were taken into the calculation and allowed by Grove, as well as certain payments made by Cavender after the rendition of the judgment. And I think these facts are sufficiently established. It is certain that at no time after the judgment was rendered did Cavender pay on the judgment anything like the amount of it.

In opposition to the motion, it was proved that, in consideration of five dollars, Grove, on the 5th of March, 1868, and before his acknowledgment of satisfaction, assigned the judgment to David D. Doughty. This assignment was not made on the record of the case as required by the statute of Indiana, but on

a separate paper which was filed among the papers of the case July 1, 1868. Doughty, as well as Grove, appears by counsel and resists the motion.

The evidence further shows that Cavender, soon after this assignment, heard a rumor of it, and applied to Doughty and to the attorney of Grove for information on the subject; and that they told him it was assigned, but would not tell him to whom the assignment was made, because, as they allege, they did not want to be pestered by him about it. The attorney, however, informed him that if he would make arrangements to pay a part of it, he would tell him who was the assignee. All this happened before the date of the acknowledgment of satisfaction. Other evidence was given on both sides, on the question whether at the time of execution of the acknowledgment of satisfaction, Cavender had notice of the assignment. I think that such notice is not established by the evidence; and I think that, under all the circumstances, the failure of Doughty to inform Cavender that he, Doughty, was the assignee, estops him from now alleging that Cavender had notice. Fair dealing required that when Cavender asked Doughty for information touching this assignment, he should have told him the whole truth. It might indeed have been otherwise, if Cavender had, from any other source, had satisfactory information of the assignment before the settlement with Grove. But, though there was some evidence leading to that conclusion, it was too vague to establish it. Upon the whole, therefore, I conclude that Cavender, when he took the acknowledgment of satisfaction, had no legal or equitable notice that Doughty was assignee of the judgment.

Since, then, Doughty did not procure the assignment of record, as required by the statute; and since Cavender, when he settled the judgment with Grove, was not aware that Doughty was the owner of it, Doughty must be considered as holding it subject to all equities. Robeson v. Roberts, 20 Ind. 155. And I thus conclude the more readily and willingly, when I consider that he gave only five dollars for it—less than one-ninetieth of the face of it. I cannot think that a purchaser under such circumstances is entitled to the favorable consideration of any court. And, upon the whole, I think that I ought to regard the claim of Doughty as entirely out of the question in considering the present motion.

Then, the only point for inquiry is, whether as between Grove and Cavender this judgment ought to be deemed satisfied. The written acknowledgment of satisfaction shown in evidence is certainly sufficient prima facie proof. It has been attempted, however, to overthrow the prima facie case thus made by other evidence showing clearly enough that but a small portion of the judgment has been paid since its rendition. As already stated, it appears by the evidence that after the judgment by default was rendered, Cavender complained that the

judgment was for too large a sum; and that Grove ought to have credited his claim with divers items, and only taken judgment for a small balance; whereas, he took it for the whole claim without these credits. And it appears further by the evidence, that in the negotiation which resulted in the execution of the acknowledgment of satisfaction, these credits were insisted upon by Cavender, and probably allowed by Grove. Though in relation to this whole matter, the evidence is very vague and unsatisfactory.

It is certain that the payment of a sum less than the amount due on a judgment or other debt cannot operate as a full satisfaction thereof, even though it is agreed between the parties, at the time of such payment, that it shall so operate. And it is equally clear that, on a motion to enter satisfaction of a judgment, nothing can be heard in support of it which might have been set up as a defense to the action on which the judgment was rendered. But I deem it equally clear that if such a defense is omitted to be pleaded to the action, and if it might be the subject of a cross action against the party recovering the judgment, the matter of such defense may very well, by agreement of the parties, furnish a sufficient consideration for a contract between them to satisfy the judgment. Such, I think, was the case. Cavender paid some money to Grove after the judgment was rendered. He had a claim against Grove in relation to the subject matter of the action before the judgment was rendered. This claim Grove afterward recognized as valid and subsisting, and the settlement of which he seems to have taken as a part of the consideration upon which he executed the acknowledgment of satisfaction of the judgment. I think that this was all right; and that I ought to hold him to his bargain.

It has been urged, indeed, in opposition to the view above expressed, that the facts from which the conclusion is deduced are not well proved. It must be admitted that the evidence of these facts is by no means satisfactory. But it should be remembered that Cavender, by the production in evidence of the written acknowledgment of satisfaction of the judgment, prima facie established all that was necessary to sustain his motion. The burden then devolves on Grove to overthrow the prima facie case thus made. It did not devolve on Cavender to prove that the acknowledgment of satisfaction was founded on a sufficient consideration; but it devolved on Grove to prove that the consideration on which the acknowledgment was founded was insufficient. On this point arises the uncertainty of the evidence. It was for him to remove that uncertainty; and I think he has not done it. On the contrary, I am inclined to think that I may safely deduce from the evidence, vague though it be, the facts which I have above stated.

It follows that the judgment must be entered satisfied.

Consult The Lulie D. [Case No. 8,602], and cases there cited.